UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAHCIEF COLLIER,

                              Plaintiff,                    9:25-CV-1090
                                                           (MAD/CBF)
                  v.

DANIEL F. MARTUSCELLO, III, et al.,

                              Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

RAHCIEF COLLIER
Plaintiff, pro se
12-A-5600
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

In August 2025, pro se plaintiff Rahcief Collier ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application").

By Decision and Order filed on October 3, 2025 (the "October 2025 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 9.  On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of

plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint. *Id*.

On March 13, 2026, plaintiff filed an amended complaint. Dkt. No. 18 ("Am. Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the October 2025 Order and will not be restated in this Decision and Order. *See* Dkt. No. 9 at 2-4.

### B.  Summary of Amended Complaint

With the amended complaint, plaintiff identifies the following new defendants: State of New York, Superintendent S. Lowe ("Lowe"), C.O. Beth O'Hara ("O'Hara"), C.O. James Biccum ("Biccum"), Sergeant Carassimmi ("Carassimmi"), Upstate Superintendent, Elmira Superintendent, and Comstock Superintendent.[1] *See* Am. Compl. at 6. The amended complaint also includes claims against previously named defendants: Daniel F. Martuscello, III ("Martuscello") and the Five Points Superintendent. *See id*. The amended complaint does not include claims against Ramon E. Rivera or Letitia James, defendants previously named in the original complaint.[2] *See id.*

Since 2022, plaintiff has been incarcerated in different correctional facilities including Upstate Correctional Facility ("Upstate C.F."), Elmira Correctional Facility ("Elmira C.F."), Great Meadow Correctional Facility ("Great Meadow C.F.")[3], and Five Points Correctional

---

[1]  The Clerk of the Court is directed to amend the Docket Report to include these defendants.

[2]  The Clerk of the Court is directed to amend the Docket Report to terminate these defendants.

[3]  Plaintiff lists this correctional facility as Comstock Correctional Facility. Am. Compl. at 4.

Facility ("Five Points C.F.").[4]  Am. Compl. at 4.  In 2022, plaintiff was a pro se litigant and was unable to defend himself because of "mind games and psychological warfare" from various Superintendents.  *Id.*  Martuscello and the various Superintendents were responsible for "having staff speak to [him] through the vent and loud speaker."  *Id.* at 5.

On June 12, 2024, plaintiff was incarcerated at Five Points Correctional Facility ("Five Points C.F.").  Am. Compl. at 1.  Plaintiff, who suffered from physical ailments, asked a sergeant to excuse him from working at the mess hall.  *Id.*  The sergeant indicated he would speak with the mess hall staff, but never returned.  *Id*.  Instead, Carassimmi, O'Hara, and Biccum confronted plaintiff and discharged pepper spray.  *Id.*  The forced was used for three to five minutes and saturated plaintiff's eyes and lungs.  Am. Compl. at 1.  After being sprayed, plaintiff communicated his willingness to comply.  *Id*. at 2.  However, defendants continued to use excessive force "bending, twisting, and permanently damaging [his] arm."  *Id.*

Defendants forced plaintiff to walk to a different building to enter a decontamination room when there was a room available in the building where the incident occurred, Building 8.  Am. Compl. at 2.  Plaintiff complained about his arm pain and defendants replied, "you [sic] lucky we didn't George Floyd you."  *Id.* at 3.

Lowe was responsible for defendants' actions and was "fully aware of staff misconduct" because of the "many grievances and complaints" lodged against officers.  Am. Compl. at 3.  Martuscello was responsible for "ensuring policies that keep his officers in line."  *Id.*

---

[4]  In 2015, plaintiff was confined at Upstate C.F.  *See Collier v. Uhler*, No. 9:16-CV-0001 (LEK), Dkt. No. 1.  In 2016, plaintiff was confined at Great Meadow C.F.  *See id*.

Construing the amended complaint liberally[5], plaintiff alleges Eighth Amendment excessive force and deliberate medical indifference claims.  *See generally* Am. Compl.

### C.  Analysis

#### 1.  Severance and Transfer of Claims Related to Elmira C.F. and Five Points C.F.

Rule 21 of the Federal Rules of Civil Procedure permits the Court to sever any claim against a party and proceed with that claim separately.  Fed. R. Civ. P. 21.  In deciding whether to sever a claim, a court should consider the following:

> whether the claims arise out of the same transaction or occurrence; whether the claims present some common questions of law or fact; whether settlement of the claims or judicial economy would be facilitated; whether prejudice would be avoided if severance were granted; and whether different witnesses and documentary proof are required for the separate claims.

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

"A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer.  Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants."  *Cain v. New York State Bd. of Election*s, 630 F.Supp. 221, 225-26 (E.D.N.Y. 1986).  "A decision to sever lies within the discretion of the Court."  *Id.* at 225.

---

[5] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

Here, plaintiff's claims related to alleged wrongdoing that occurred at Elmira C.F. and Five Points C.F. are more appropriately heard in the Western District. Those claims are separate and distinct from the claims arising out of alleged wrongdoing that arose while plaintiff was confined at Upstate C.F. and Great Meadow C.F. and will require different witnesses and documentary proof. The remainder of the factors also weigh in favor of severance.

Thus, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the claims that arose at Elmira C.F. and Five Points C.F. in the Western District, along with the defendants associated with those claims, are severed from this action, and transferred to the Western District. Thus, all claims against defendants Lowe, O'Hara, Biccum, Carassimmi, Five Points C.F. Superintendent, and Elmira C.F. Superintendent, will be severed and transferred to the Western District.

This District will retain jurisdiction over the claims that allegedly arose while plaintiff was incarcerated at Upstate C.F. and Great Meadow C.F. and will therefore review the sufficiency of those claims. No position is taken on the sufficiency of the claims that have been severed and will be transferred to the Western District; that determination is left to the Western District.

### 2. Eleventh Amendment

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer,* 568 F.3d 355, 365-66 (2d Cir. 2009).

It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York,* No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996). Accordingly, plaintiff's claims against the State of New York are dismissed pursuant to Sections 1915(e)(2)(B)(iii) and 1915A(b)(2).

### 3. Claims Against Martuscello, Upstate C.F. Superintendent and Great Meadow C.F. Superintendent

In the October 2025 Order, the Court dismissed plaintiff's "cyber bullying" claims reasoning:

> With respect to plaintiff's claims of "cyber bullying," the Court notes that an action is frivolous as a matter of law when, *inter alia*, "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation and citation omitted). Here, plaintiff's claims that defendants are cyber bullying him through security measures are factually frivolous. *See Sun Jung v. Bloomberg*, No. 10 Civ. 0118, 2010 WL 276641, at *1 (E.D.N.Y. Jan. 19, 2010) (dismissing the plaintiff's claim that he was the target of mind control and that the defendants implanted a tracking device with prejudice); *see also Manzo v. Manzo*, No. 95-CV-4286, 1995 WL 837317, at *2 (E.D.N.Y. Mar. 18, 1995) (reasoning that the plaintiff's mind control claims were completely delusional and subject to dismissal); *see also Ninortey v. Shova*, No. 05 Civ 542, 2008 WL 4067107, at *8 (S.D.N.Y. Sept.

6

2, 2008) (finding the plaintiff's claims irrational, incredible and delusional and thus, subject to dismissal).  Any claims against any defendants relating to cyber bullying are dismissed with prejudice for failure to state a claim upon which relief may be granted.

Dkt. No. 8 at 7-8.

Construing the amended complaint liberally, plaintiff claims that Martuscello, Upstate C.F. Superintendent, and Great Meadow C.F. Superintendent were responsible for "mind games and psychological warfare" and directed staff to "speak to [him] through the vent and loud speaker."  Am. Compl. at 4-5.  For the reasons set forth in the October 2025 Order, these claims are dismissed as frivolous.  *See Dunlap v. Fish*, No. 3:23-CV-00154, 2023 WL 4919661, at *4 (M.D. Tenn. Aug. 1, 2023) (finding the plaintiff's claims having to do with voices tormenting him via a speaker playing through the vent in his cells are frivolous).

Despite being afforded the opportunity to amend his complaint, the amended pleading fails to state a claim upon which relief may be granted.  Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); s*ee also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.,* 987

F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

In this instance, plaintiff has already been provided one opportunity to amend his complaint.  The deficiencies with his original complaint, identified by the court in the October 2025 Order, have not been cured with the amended complaint.  Accordingly, the Court finds that any further amendment would be futile.

## IV.    CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 18) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall amend the Docket Report consistent with this Decision and Order; and it is further

**ORDERED** that pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), all claims against Lowe, O'Hara, Biccum, Carassimmi, Five Points C.F. Superintendent, and Elmira C.F. Superintendent are severed and transferred to the Western District of New York; and it is further

**ORDERED** that no ruling is made as to the sufficiency of the complaint with respect to the claims that have been severed and transferred to the Western District, leaving that determination to the Western District of New York; and it is further

**ORDERED** that the Clerk shall advise the Clerk of the Western District of New York, in writing, of the entry of this Decision and Order and provide the Clerk with a certified copy of this Decision and Order and of the docket report for this action, together with all information

necessary for the Clerk of the Western District of New York to electronically access the documents filed in this action; and it is further

**ORDERED** that the fourteen (14) day waiting period provided for in Local Rule 83.6 is hereby waived; and it is further

**ORDERED** that the amended complaint (Dkt. No. 18) is **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated:  June 5, 2026
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

9